PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA GARY ANDERSON, | ) | |
| | ) | CASE NO.  4:22CV0718 |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| WARDEN F. GARZA, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 6] |

Pending is Respondent's Motion to Dismiss (ECF No. 6).  The Court has been advised,

having reviewed the record, the parties' briefs, and the applicable law.  For the reasons that

follow, the Court dismisses the petition for failure to (1) state a claim upon which relief can be

granted pursuant to Fed. R. Civ. P. 12(b)(6) and (2) properly exhaust administrative remedies.

**I. Background**

*Pro Se* Petitioner Joshua Gary Anderson is a court-martialed prisoner currently confined

in FCI Elkton in Lisbon, Ohio, which is located within the Northern District of Ohio.[1]  On May

1, 2022,[2] he filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1).

---

[1]  According to the Bureau of Prisons ("BOP") website
(http://www.bop.gov/inmateloc/) (last visited Sept. 28, 2023), Petitioner has a May 19,
2035 release date.

[2]  Under Sixth Circuit precedent, the petition is deemed filed when handed to
prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th
Cir. 2002). Even though the Court did not receive the petition until May 3, 2022,
Petitioner dated his petition on May 1, 2022. *See Brand v. Motley*, 526 F.3d 921, 925
(6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under
Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206
Fed.Appx. 497, 498 n. 1 (6th Cir. 2006) (per curiam)).

(4:22CV0718)

Petitioner is a prolific litigant, whom has sought release from incarceration prior to the filing of the present Petition.  *See Anderson v. United States*, No. 22-0125/NA, 82 M.J. 276 (C.A.A.F. March 22, 2022) (writ-appeal petition summarily dismissed for lack of jurisdiction); *In re Anderson*, No. 201200499, 2022 CCA LEXIS 3 (N-M. Ct. Crim. App. Jan. 5, 2022) (dismissing petition for extraordinary relief in the nature of a writ of habeas corpus for lack of jurisdiction); *In re Anderson*, No. 201200499, 2021 WL 1884633 (N-M. Ct.Crim.App. May 11, 2021) (per curiam) (petition for extraordinary relief in the nature of a writ of habeas corpus denied); *Anderson v. Bolster*, No. 1:19cv75(LO/TCB), 2020 WL 5097516 (E.D. Va. Aug. 27, 2020) (granting respondent's renewed motion to dismiss § 2241 petition for writ of habeas corpus filed when petitioner was a prisoner at FCI Petersburg); *In re Anderson*, NMCCANo. 201200499, 2020 CCA LEXIS 72 (N-M. Ct. Crim. App. March 11, 2020) (denying petition for lack of jurisdiction).

Petitioner is serving a 30-year sentence having pleaded guilty before a military trial judge to offenses including rape of a child, conspiracy to rape a child, taking indecent liberties with a child, possession and distribution of child pornography, communicating a threat, and more.  *See United States v. Anderson*, No. 201200499, 2013 WL 3242397, at *1 (N-M. Ct. Crim. App. June 27, 2013).  In addition to ordering Petitioner incarcerated, the military judge ordered that he be dishonorably discharged.  The court-martial convening authority approved the sentence as adjudged.  *See id.*

Petitioner sets forth two grounds in support of the within Petition.  First, Petitioner claims he is entitled to a four-for-one day credit towards his sentence for each day that he was confined in immediate association with a foreign national in violation of Article 12 of the

(4:22CV0718)

Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. § 812.  Second, Petitioner claims he is

entitled to a five-for-one day credit towards his sentence for each day he was allegedly subjected

to cruel and unusual punishment under Article 55 of the UCMJ, 10 U.S.C. § 855, and in violation

of the Eighth Amendment by virtue of having his trust account encumbered by Warden Justin

Andrews when he was confined at FCI Petersburg.  *See* ECF No. 1 at PageID #: 6; 7-19.

**II.  Standard of Review**

Respondent has filed a pre-answer motion to dismiss the § 2241 Petition.  Rules 4 and 5

of the Rules Governing Section 2254 Cases in the United States District Courts permit a

respondent to file a pre-answer motion to dismiss a petition for writ of habeas corpus under

28 U.S.C. § 2254, and those rules may be applied to § 2241 petitions.  *See* Rule 1(b) of the Rules

Governing Section 2254 Cases in the United States District Courts.  Courts have considered

pre-answer motions to dismiss § 2241 petitions alleging a failure to exhaust administrative

remedies under Fed. R. Civ. P. 12(b)(6).  *See, e.g.*, *Cook v. Spaulding*, 433 F. Supp.3d 54, 56-57

(D. Mass. 2020).

"To survive a [Rule 12(b)(6)] motion to dismiss, [the petition] must allege 'enough facts

to state a claim to relief that is plausible on its face.' " *Traverse Bay Area Intermediate Sch.*

*Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)); *see Cook*, 433 F. Supp. 3d at 55.  When making the

determination to dismiss under Rule 12(b)(6) the court will accept all well-pleaded facts as true

and make all reasonable inferences in favor of the non-movant.  *Phila. Indem. Ins. Co. v. Youth*

*Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013).  *Pro se* pleadings are construed liberally.  *Haines*

(4:22CV0718)

*v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* complaints are held to less stringent standards than

formal pleadings drafted by lawyers).

### III.  Analysis

**A.      Grounds Asserted in the § 2241 Petition**

**1.      Petitioner Cannot Challenge the Conditions of his Confinement Via a Petition for Habeas Relief**

Petitioner concedes that violations of 10 U.S.C. § 812 concern the conditions of his

confinement.  *See* Petitioner's Memorandum in Opposition (ECF No. 10) at PageID #: 165.

Prisoners challenging the conditions of their confinement must do so through a civil rights

action.  *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973).  "[A] § 2241 habeas petition is

not the appropriate vehicle for challenging the conditions of [a prisoner's] confinement."

*Hernandez v. Lamanna*, 16 Fed.Appx. 317, 320 (6th Cir. 2001).  "[H]abeas review is limited to

claims challenging the fact or duration of a prisoner's confinement, and constitutional challenges

to the conditions of a confinement are more appropriately brought in a § 1983 civil rights action."

*Richards v. Taskila*, No. 20-1316, 2020 WL 6075666, at *1 (6th Cir. Sept. 3, 2020).

**2.      Ground Two**

Section 855, Title 10 provides:

> Punishment by flogging, or by branding, marking, or tattooing on the body, or any
> other cruel or unusual punishment, may not be adjudged by any court-martial or
> inflicted upon any person subject to this chapter.  The use of irons, single or
> double, except for the purpose of safe custody, is prohibited.

Petitioner alleges that in 2020 Warden Andrews at FCI Petersburg acted outside of his authority

by encumbering his trust account; and that the encumbrance on his account forced him to choose

between purchasing things such as toothpaste, deodorant, stamps, and medications, thereby

4

(4:22CV0718)

amounting to cruel and unusual punishment in violation of Article 55 of the UCMJ and the

Eighth Amendment.  *See* ECF No. 1 at PageID #: 15-19; *see also* Informal Resolution Attempt

(ECF No. 1-33).  Only after a prisoner has exhausted his remedies through the BOP may the

inmate then seek judicial review pursuant to 28 U.S.C. § 2241.  *United States v. Wilson*, 503 U.S.

329, 335 (1992).

Respondent argues that Petitioner failed to exhaust his administrative remedies set forth

at 28 C.F.R. § 542.10 *et seq.*[3] relative to Petitioner's allegations that he was subjected to cruel

and unusual punishment in violation of 10 U.S.C. § 855 and the Eighth Amendment.  *See* ECF

No. 6 at PageID #: 141-42.  Respondent also argues that those alleged constitutional violations

cannot be brought via a habeas petition.  *See* ECF No. 6 at PageID #: 137-38.  Petitioner's

Memorandum in Opposition (ECF No. 10) does not address these arguments.  Accordingly, these

claims have been waived, abandoned, and conceded and are rejected as a matter of law.  *See, e.g.*,

*Santo's Italian Café LLC v. Acuity Ins. Co.*, 508 F. Supp.3d 186, 207 (N.D. Ohio 2020) ("It is

well understood . . . that when a plaintiff files an opposition to a dispositive motion and

addresses only certain arguments raised by the defendant, a court may treat those arguments that

the plaintiff failed to address as conceded.") (quoting *Lewis v. Cleveland Clinic Found.*, No.

1:12CV3003, 2013 WL 6199592, at *4 (N.D. Ohio Nov. 27, 2013)).

---

[3] 28 C.F.R. § 542.14(a) requires a grievance to be filed with the warden within
20 days of the event complained of.  *See Jordan v. Lemaster*, No. 0:22-CV-43-REW,
2023 WL 4052485, at *6 (E.D. Ky. June 16, 2023) (denying a *pro se* petition for a writ of
habeas corpus pursuant to 28 U.S.C. § 2241 filed by a court-martialed prisoner
demanding at least 12 years of credit against his sentence for alleged violations of
10 U.S.C. §§ 812 and 855).

(4:22CV0718)

Therefore, the Court will dismiss Ground Two for failure to properly exhaust

administrative remedies.  In addition, these claims have been waived, abandoned, and conceded

and are rejected as a matter of law.

**3.      Ground One**

**a.**

Petitioner claims he is entitled to a four-for-one day credit towards his sentence for each

day that he was confined in immediate association with a foreign national in violation of Article

12 of the UCMJ, 10 U.S.C. § 812.  Section 812 provides:

> No member of the armed forces may be placed in confinement in *immediate*
> *association* with--
> > (1) enemy prisoners; or
> > (2) other individuals--
> > > (A) who are detained under the law of war and are foreign
> > > nationals; and
> > > (B) who are not members of the armed forces.

(Emphasis added.)  Petitioner urges a broad interpretation of § 812 that would grant him relief

simply for being housed near foreign nationals.  *See* ECF No. 10 at PageID #: 169-70.  Petitioner,

however, was not confined to a cell with foreign nationals.[4]  The following testimonial exchange

between Mr. Felix Larkin, Assistant General Counsel in the Office of the Department of Defense

and Rep. John Anderson addresses the legislative intent behind the phrase "immediate

association":

> MR. ANDERSON:  [I]s there any place in the code that expresses prohibition
> against confining our men in foreign jails?

---

[4]  Petitioner does make an unsupported allegation that he was placed in a cell at
FCI Edgefield with a foreign national in 2015.  *See* ECF No. 1 at PageID #: 9.  Petitioner,
however, has failed to exhaust his administrative remedies regarding that incident.

6

(4:22CV0718)

> MR. LARKIN:  No; but this one prevents them being confined with enemy
> prisoners of war or foreign nationals not members [of the military] *in the same
> cell*.
>      . . . .
> MR. ANDERSON:  [U]nder this code, could a commanding officer have an
> enlisted man . . . confined in a foreign jail?
> MR. LARKIN:  Yes, he could, for a short time or whatever time is necessary.  But
> if they are so confined they may not be in immediate association with any [foreign
> nationals].

*United States v. Wise*, 64 M.J. 468, 476 (C.A.A.F. 2007) (quoting *Uniform Code of Military

Justice:  Hearings on H.R. 2498 Before a Subcommittee of the House Committee on Armed

Services*, 81st Cong. 915 (1949), *reprinted in Index and Legislative History, Uniform Code of

Military Justice* (1950) (not separately paginated) (emphasis added).[5]

Whether Petitioner's claims are examined against the prior or current version of § 812,

the congressional intent makes clear that a violation of Article 12 of the UCMJ requires evidence

that he was confined to the same cell with certain foreign nationals – evidence that Petitioner

does not even allege that he has.  "In the interpretation of statutes, the function of the courts is

easily stated.  It is to construe the language so as to give effect to the intent of Congress."  *United

States v. Am. Trucking Ass'ns*, 310 U.S. 534, 542 (1940).  Congressional Committee reports are

the authoritative source of the legislature's intent because they represent "the considered and

collective understanding of those Congressmen involved in drafting and studying proposed

legislation."  *Garcia v. United States*, 469 U.S. 70, 76 (1984) (quoting *Zuber v. Allen*, 396 U.S.

168, 186 (1969)).

---

[5]  *See also United States v. McPherson*, 73 M.J. 393, 400 (C.A.A.F. 2014) (Baker,
C.J., concurring in part and dissenting in part) ("The legislative history demonstrates the
overriding purpose of Article 12, UCMJ, was to prohibit confinement of a servicemember
in the same cell with a foreign national, particularly one engaged in military service, in
times of war.")

7

(4:22CV0718)

**b.**

Petitioner improperly attempts to shift the burden of proof to Respondent. *See* ECF No. 10 at PageID #: 172-73. Specifically, Petitioner declares "Respondent has not attempted to obtain information from the BOP about whether [Petitioner] was, or currently is, confined in immediate association with foreign nationals." ECF No. 10 at PageID #: 172. Without agreement from Respondent that Petitioner was confined to a cell with a foreign national(s), it is not enough for Petitioner to simply list the names of individuals whom he believes to be foreign nationals, *see* ECF Nos. 1-7, 1-8, 1-9, 1-10, 1-11, 1-12, 1-13, and 1-14), without additional information that: (1) he was confined to the same cell as such individuals; (2) such individuals are the type of foreign national described in § 812; and, (3) Petitioner is entitled to the relief he seeks. *See Erie Cnty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012) (court need not "accept conclusory allegations or conclusions of law dressed up as facts.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Petitioner has failed to meet this minimal plausibility requirement.

**c.**

Finally, a four-for-one day sentencing credit Petitioner believes he should be awarded by the Court is not a proper remedy for violations of 10 U.S.C. § 812. There is no express remedy provided for a violation of Article 12 of the UCMJ. And the Court declines to find that Congress intended § 812 to allow prisoners to shorten their sentences due to the nationality of other

8

(4:22CV0718)

inmates or the BOP's housing decisions.  Rather, the statute is aimed at shielding the United

States from foreign enemies obtaining its military secrets.

Therefore, the Court will dismiss Ground One for failure to state a claim upon which

relief can be granted.

### IV.  Conclusion

For the foregoing reasons and those that have been articulated in the memoranda of the

points and authorities on which Respondent relies, Respondent's Motion to Dismiss (ECF No. 6)

is granted, and this action is dismissed pursuant to 28 U.S.C. § 2243.  The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. §

2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


___September 29, 2023___              ___/s/ Benita Y. Pearson_____
Date                                                    Benita Y. Pearson
                                                         United States District Judge